vs. Holman. Mr. Mullins? May it please the court, my name is Brian Mullins and I represent Becky Holman on her direct appeal of her criminal conviction. She is appealing or she is arguing that the district court committed procedural error when it relied on clearly erroneous facts in sentencing Ms. Holman to 36 months imprisonment. That clearly erroneous fact was the district court's citation that the conspiracy that Ms. Holman participated in caused someone's death and the district court made these comments twice during the sentencing hearing. The first time was really the first comments the court made was that but the critical thing in this case is the fact that this conspiracy is one that ultimately resulted in the death of someone. I should say someone who was taking heroin supplied by this conspiracy died. That is a clearly erroneous fact because and the evidence for that is that there were seven conspirators in this case. The government initially charged the causing death element against all of the conspirators. The government dismissed that charge against all of the conspirators. It did not seek the enhancement for causing death under the sentencing guidelines except against Mr. Lingren who was a co-defendant and Mr. Lingren disputed that issue. An evidentiary hearing was held in April of 2014. The district court found that the government did not meet its burden that Mr. Lingren caused the decedent's death and that was just that finding was made two weeks ago so in light of that. That was on your rule, you letter that we submitted. So in light of that finding there is now no evidence that anyone in this conspiracy caused anyone's death and because of that the district court committed procedural error. We also believe that the error was not harmless because the test for harmless error is whether it affected the district courts ultimate sentence. I think it's clear it's clear that it did about the critical thing in the case being the fact that the conspiracy caused someone's death and then the court followed that up with and so the court sees your offense as serious. So I think it couldn't be much clearer that the district court relied heavily on that fact in imposing a 36-month sentence. Unless there are further questions we will reserve the rest of our time for May it please the court. Bridget Dimashak, Assistant United States Attorney, appears for the appellee the United States of America. Your Honor, there is evidence that a member of this conspiracy distributed heroin to Amalia Henschel on the day of her death. Randy Lingren, a co-conspirator of Miss Holman, admitted that hours prior to Miss Henschel's death he had provided her with heroin. So what are we to make of Judge Covert's recent ruling? That's a great question. What we make of it is what it states and that is that the government did not establish by a preponderance of the evidence that Randy Lingren was responsible for the overdose death of Amalia Henschel. That does not mean that the court was not allowed to consider it as a 3553A factor and I'd like to get back to... But he was the only one that he admitted it. This particular defendant did not admit it. He was the only one that was charged with that. I mean I don't understand why she should be held accountable for that or how he should be able to take that into account under any circumstances. He clearly did. I think the best place to start is to look at the court's comment at transcript 28. The court said quote, someone who was taking heroin that would be Amalia Henschel supplied by this conspiracy died. That is absolutely correct. So let's start there. The second thing is it is absolutely appropriate for the court to consider this as a 3553A factor. This court recently issued an opinion, I'm sorry I don't have the name of the case in front of me, where it stated that evidence at sentencing has to be reliable and it's clear that this evidence of Mr. Lingren distributing heroin to Ms. Henschel on the day of her death is reliable because he admitted it. The defendant... But before Judge Clavert, my understanding of the record there, and you can certainly correct me, is that they talked, they presented evidence about other sources of the heroin. Like the direct connection that yes, it's true, he said he sold it to her and she died a few hours later, but there were other possible sources that he was not the only supplier. Did I confuse that? No, you're correct. That's absolutely correct. So couldn't that heroin have been what was responsible and there was no, of course, medical testimony. I mean it's very difficult, obviously it's difficult to track it, to trace it to the particular heroin strain that caused her to die. There's no evidence on that. Yes, and even if that is true, however, it was still appropriate for the court to consider this because again, this is what the court stated. Someone who was taking heroin supplied by this conspiracy died. It is absolutely undisputed. Now, the court does not go on and say Mr. Lindgren obtained the heroin from Mrs. Holman and then supplied it to Amalia Henschel, who died. The court made a very limited statement and for good reason because it would be treacherous territory to wade into to say Mrs. Holman was responsible for the overdose death of Ms. Henschel and the court never said that. In addition, this is not the only factor that the court considered. The court considered Amalia Henschel's overdose death when commenting upon the seriousness of the offense. However, the court went on to consider many other 3553A factors. Yeah, but that was a very serious factor that was considered under 3553A and so you want, I mean, he didn't actually say this is the overriding factor, but causing the death of someone is extremely serious and given what he did just recently, I still, you haven't convinced me yet that this shouldn't go back. Okay, let me try by addressing the rest of the 3553A factors. I think that you could say, with respect to your concern, that if the court had stopped and said this is a very serious offense, somebody died, there's a problem in Washera County and I'm going to impose this sentence as punishment. Becky Holman, you're going to get 36 months imprisonment. I would not be here making these points. However, the court considered numerous other 3553A factors, including Becky Holman's role as a distributor, her need for medical care and substance abuse treatment, the need to provide deterrence, the need to protect the public, and her limited criminal history. Now, what the real issue that we're focusing on with respect to your comment, your honor, is the extent to which the court weighted the nature of the seriousness of the offense. And this court is not here to second-guess that, right? Because it's within the district court's discretion, in a particular case, to decide how much weight to give to a particular factor. And clearly, the court weighed this factor, as it should have, heavily because somebody did die. But again, the court... So you don't think we should let the judge convert to see the impact of his ruling taking lingering off the hook? Had on, for example, as you said, one of the factors is a need to protect the public. So you got the seriousness of the offense and the need to protect the public. I'm assuming someone dies from a heroin overdose, or from bad heroin, that the need to protect the public is one of those factors. Yes, it's of primary importance. Moreover, I think it's also important to remember that this is not a situation where Judge Covert held Mrs. Holman responsible for the relevant conduct that would have been attributable to Mr. Lindgren, that later we found the government couldn't meet its burden. So Mrs. Holman was determined to have an adjusted offense level of 25, and she was safety valve eligible. And those things are not consistent with being held responsible for an overdose death. So really, looking at how she was held... Really, the claim that she was held responsible because the government didn't prove her sentencing by a preponderance evidence, I think we can all agree is really kind of besides the point. Really, what we're her case. And for the reasons I stated, the court consider a multiple of factors. Yeah, but no factor, as Judge Williams says in his domicile, can compare with a judge mentioning that you may be responsible for the death of someone. So in the unique circumstances, somewhat unique circumstances, of the judge recently, wouldn't the government as well as this be more comfortable in having Judge Clavert revisit it? Perhaps he would arrive at the same determination, but it does it does pose a really troubling parallel, does it not, when we don't know whether he still would place that same emphasis, whatever it was, during the 3553 analysis with regard to Ms. Holman, as he apparently has done with regard to Mr. Lindgren. Well, clearly we don't know what Judge Clavert would do if we sent it back to him, because he didn't say, but for this error, I would have imposed this same sentence. However... Excuse me, would the range would not change, though? The range would not change, and there was no dispute, exactly. So the sentencing guideline range would not change. But also, again, getting back to the court... And where does the 36 months fit in that range? It's 21 months below the guideline range, which is obviously presumed to be substantively reasonable. And I think getting back to... Probably because he didn't see any connection with the death. Probably, right? I mean, that's the government's argument, is that the court really did all it could to take into account the seriousness of the offense, but at the same time not hold this defendant responsible for it. So, but the court didn't make that statement. He didn't say, I am not taking... And I recognize that we have an issue here of the woman who died from the overdose. I am not taking that into account as I sentence her. He didn't say that, did he? I believe he did, yes. Page 33 of the sentencing transcript. While your client did not deliver, at least there's no evidence that your client delivered drugs to the decedent, the conspiracy where there was a death. But the point is, he said he's mindful that she's part of a conspiracy where there was a death. Which is absolutely true. Right, but then in his latest ruling he said that a factual basis did not exist for a finding that Lindgren's heroin caused Herschel's death. Did not exist. Correct, and those are actually different things. They're not inconsistent. In other words, there's a evidence. That was the purpose from the document you're reading from it, Randy Lindgren's sentence in that evidentiary hearing, and Ms. Holman's sentencing. Ms. Holman's sentencing, really because there was no objection to the guidelines, there were no enhancements, it was really for the court and the parties to work the 3553A factors, not to decide by a preponderance of evidence whether she was responsible for that death. I mean, I don't understand why you're fighting so hard on this. I really don't. Because you would have a much better record if the judge actually made that determination and said, you know, I'm not now in light of this, I'm not taking into account. Because from her standpoint, it could mean that she would get, I understand the sentence was reasonable in the sense that it was 20 months less, but maybe she would get more months less. Right, that's entirely possible. And I see my time is close to expiring. I would just like to say that with respect to the court, the government fighting this and what we would anticipate the court would say, I think the comments are already there. I think they're reflected in the sentencing transcript. So unless there are further questions, I ask this court to affirm. What was Mr. Lindgren's sentence? I don't know. I'm sorry, I was not a district court. Thank you, Spencer. Mr. Mullins? I just want to fill in a couple of factual holes the court might be wondering about. Mr. Lindgren, first of all, hasn't been sentenced yet is my understanding. His sentencing is scheduled in a couple of months, I think. If I did read the briefs in Mr. Lindgren's case by the government and the defendant disputing that, whether he was responsible. And it seems that the crucial issue was there was expert testimony that the death of Ms. Henschel was too long after the fact, after the time that Mr. Lindgren provided the heroin. Because of that, there wasn't enough evidence to link that heroin to her death. If there are no further questions, we will stand adjourned. I mean, in other words, it was a day or two or whatever, whatever the time. It was the same, it was I think early the next morning. And the expert believed that she could not have been able to walk around as recently as an hour or so after he provided her the heroin if she had, in fact, died from that dose. We will stand on our brief. All right, thanks to both counsel. Mr. Rollins, you were appointed in this case. We have the additional thanks of the court for your able representation.